**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAB CARRIERS, INC., an Illinois corporation, ) ) Plaintiff, ) ) v. ) ) ARROW TRUCK SALES, INC. a Missouri ) corporation, MACK TRUCKS, INC., a ) Pennsylvania corporation, NATIONAL TRUCK ) PROTECTION COMPANY, INC., a New Jersey ) corporation, SCOTT TAYLOR, an individual, ) and RICK MOORE, an individual, ) ) Defendants. ) ) | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No.<br>07-4390 (GEB) (ES)<br><br>**MEMORANDUM OPINION** |

Francis F. Quinn, Esq.
LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
420 Lexington Avenue, Suite 2900
Graybar Building
New York, New York 10170

Daniel C. Sullivan
Matthew P. Barrette
SULLIVAN HINCKS & CONWAY
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
*Attorneys for Plaintiff*

Charles S. Caranicas, Esq.
VEDDER PRICE P.C.
1633 Broadway
New York, New York 10019
*Attorneys for Defendants Arrow Truck Sales, Inc., Rick Moore, and Scott Taylor*

1

William J Salmond, Esq.
1030 Rt. 202
Branchburg, NJ 08876
*Attorney for Defendant Mack Trucks, Inc.*

**BROWN, Chief Judge:**

This matter comes before the Court on the motion (Doc. No. 89) by Plaintiff HAB Carriers, Inc. ("HAB") to transfer venue. For the following reasons, Plaintiff's motion will be GRANTED.

***Background***

HAB filed suit against Defendants Arrow Truck Sales, Inc. ("Arrow"), Mack Trucks, Inc. ("Mack"), National Truck Protection Company ("National Truck"), Scott Taylor, and Rick Moore on April 6, 2007 in the Circuit Court of Cook County, Illinois, alleging seven causes of action, including fraud, breach of warranty, and breach of contract. HAB is an Illinois corporation with its principal place of business in Illinois. Arrow is a Missouri corporation registered to do business in Illinois. Mack is a Pennsylvania corporation registered to do business in Illinois. National Truck is a New Jersey corporation that conducted business in Illinois at the time of the state court Complaint. Taylor and Moore are residents of Missouri and both initiated and had a business relationship with HAB in Illinois. (Compl. ¶¶ 1–7.)

Defendants removed this suit from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois ("Illinois District Court"). On motion by National Truck, the Illinois District Court transferred the case to this Court on August 27, 2007. In its opinion, the Illinois District Court stated that the forum selection clause contained within a

warranty issued by National Truck to HAB was enforceable and that the allegations against all Defendants were so "inextricably intertwined" that, in the interest of judicial economy, the entire matter should be transferred to the District of New Jersey. (Mem. Op. and Order at 7.)

On May 13, 2009, HAB and Arrow submitted to this Court a stipulation to dismiss all claims against National Truck. On May 28, 2009, HAB filed the instant motion to transfer claims against the remaining defendants back to the Illinois District Court, arguing that New Jersey is no longer a proper venue since National Truck has been dismissed from the suit. Defendants jointly oppose the motion, arguing that Plaintiff does not meet the *Cragar* standard for retransfer because National Truck's dismissal was not an unforeseeable event that justifies retransfer of the case.

### *Analysis*

Section 1404(a) of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2009). Although it appears the Third Circuit has not yet decided a case in which a party has moved to transfer an action back to its original venue, the Fifth Circuit has recognized that "[i]t does not follow . . . that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983). The Fifth Circuit has enunciated, and other district courts have adopted, the rule that a transferee-district court should not retransfer the case "'except under the most impelling and unusual circumstances' or if the transfer order is 'manifestly erroneous.'" *Id.*; *see also*

3

*Caribbean Wholesales & Serv. Corp. v. US JVC Corp.*, No. 93-8197, 1996 WL 140251, at *4 (S.D.N.Y. Mar. 27, 1996) (citation omitted); *Repp v. Webber*, 142 F.R.D. 398, 400 (S.D.N.Y. 1992) (citation omitted). The moving party bears the burden to show by clear and convincing evidence that retransfer is appropriate. *Aznet Comm., Inc. v. Digital P'ships, Inc.*, No. 89-7658, 1990 U.S. Dist. LEXIS 3527, at *1 (S.D.N.Y. Apr. 2, 1990). In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties involved as well as the private and public interests implicated by a transfer of venue. *See Scarborough v. Nat'l Ass'n of Surety Bond Producers*, 474 F. Supp. 2d 64, 73 (D.D.C. 2007).

Because this suit was initially transferred from Illinois to the District of New Jersey, the instant motion to transfer will be treated as a motion for retransfer. *See Caribbean Wholesales*, 1996 WL 140251, at *4 (noting that because the action was originally brought in Puerto Rico, a motion to transfer the case from New York to Puerto Rico will be treated as a motion for retransfer). Plaintiff thus bears the burden to satisfy the standard set forth in *Cragar* to show by clear and convincing evidence that retransfer is appropriate.

**I.   National Truck's dismissal from the suit constitutes an unforeseeable post-transfer event that frustrates the original purpose of the transfer.**

"Impelling and unusual circumstances" include instances where there are "unanticipatable post-transfer events [that] frustrate the original purpose of the transfer." *In re Cragar*, 706 F.2d at 505 (citation omitted). An unanticipatable post-transfer event requires more than a simple miscalculation or error on the part of the moving party. *See id.* at 505–06 (noting that the plaintiff's failure to realize that a defense that was unavailable in the transferor court was available in the transferee court did not constitute an unforeseeable event that would justify

4

retransfer to the original court). To the contrary, there must be an actual event occurring after the initial transfer that undermines the specific purpose of the transfer. *Compare Russell v. IU Int'l Corp.*, 685 F. Supp. 172, 176 (N.D. Ill. 1988) (identifying the sole purpose of the initial transfer as an opportunity to consolidate cases; original purpose of the transfer was therefore frustrated when the transferee-court denies relatedness between the two cases and refuses to grant consolidation) *with Ametek, Inc. v. Hewlett-Packard Co.*, No. 20278, 1990 WL 10072473, at *2 (N.D. Cal. July 10, 1990) (noting that the initial transfer was based on "the convenience of the parties, and witnesses and more importantly, the interests of justice" and not solely on the basis of relatedness between the two actions; the purpose of the original transfer was not undermined when the original action in the transferee-court was dismissed).

What little case law exists on this subject suggests that dismissal of National Truck and removal of the forum selection clause from this case constitutes a frustration of the original purpose of the transfer and warrants a retransfer of the case back to the Illinois District Court. For example, in *School-Link Technologies, Inc. v. Applied Resources, Inc.*, No. 05-2485, 2006 WL 1064111, at *4 (D. Kan. Apr. 20, 2006), the court held that the purpose of transferring School-Link's claims from the Central District of California to the District of Kansas — owing to the existence of compulsory counterclaims to Applied Resources' fifth counterclaim — was frustrated when the court dismissed Applied Resources' fifth counterclaim. Thus, the court retransferred the case to the Central District of California.

In the instant case, National Truck moved to transfer to New Jersey pursuant to a forum selection clause contained within a warranty agreement between National Truck and Plaintiff HAB. After thoroughly considering whether the forum selection clause was enforceable and

5

whether it should be applied, the Illinois District Court chose to "exercise[] its discretion to enforce the forum selection clause and transfer the case . . . ." (Mem. Op. and Order at 8.) Moreover, the court noted that HAB's allegations against National Truck and against the remaining Defendants were "inextricably intertwined" and transferred the suit in its entirety to this District. The majority of the Illinois District Court's opinion was dedicated to an assessment of the enforceability and applicability of the forum selection clause. Although the court considered the parties' interests in deciding to grant the transfer, this discussion occurred in the context of whether the forum selection clause should be applied. (*Id.* at 7.) It is clear that the court's main intent in transferring this case to this District was to enforce National Truck's forum selection clause. Because National Truck's forum selection clause is no longer at play in this case, there is no reason for the case to remain here.

Defendants argue that National Truck's dismissal was not an unforeseeable post-transfer event because it was very likely that National Truck would cease to be a party to the litigation either by settlement or by dispositive motion. (Def.'s Joint Mem. in Opp'n to Pl.'s Mot. to Transfer Venue ("Opp'n Br.") at 3.) This Court disagrees. While National Truck's dismissal was certainly possible at the time of the transfer, it was not anticipated or foreseeable. It is unlikely that National Truck would have moved for transfer or that the Illinois District Court would have granted the transfer if there was evidence to show that National Truck would soon be dismissed from the case. Moreover, National Truck was dismissed by stipulation nearly two years after the suit was transferred to this District, during which time the parties were engaged in discovery. It is likely that National Truck's dismissal was prompted by new circumstances or evidence revealed during the course of discovery, and not from circumstances apparent to the

6

Illinois District Court at the time of transfer. Thus, National Truck's dismissal from the suit constitutes an unforeseeable post-transfer event that frustrates the original purpose of the transfer.

## II. Retransfer of the case to Illinois would not unfairly prejudice Defendants and would promote the parties' and the public's best interests.

While the Fifth Circuit in *Cragar* did not consider whether retransfer would be prejudicial to the non-moving party, some district courts have considered the parties' private interest factors before determining that retransfer was appropriate. *See, e.g., Scarborough*, 474 F. Supp. 2d at 73; *School-Link Techs.*, 2006 WL 1064111, at *4–6; *Caribbean Wholesales*, 1996 WL 140251, at *4–6. As Defendants have raised the issues of inconvenience and potential prejudice created by changing forums, this Court will briefly consider these factors in determining whether this case should remain here or be transferred to the Northern District of Illinois.

The transfer statute instructs this Court to consider three factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *See* 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). A court should look at "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a difference forum." *Jumara*, 55 F.3d at 879 (citation omitted). While there is no definitive list of factors to consider in a venue transfer analysis, courts have generally looked to such private interests as the plaintiff's choice of forum, whether the claim arose elsewhere, the convenience of the parties with respect to their relative physical and financial condition, the convenience of the witnesses, and the

location of evidence. *Id.* at 879–880. Public interests include the local interest in deciding local controversies at home, the familiarity of the trial judge with the applicable state law in diversity cases, and the relative administrative difficulty in the two fora resulting from court congestion. *Id.*

### A.     Private Interests

Here, the private interests weigh clearly in favor of transferring this case back to the Illinois District Court. HAB's original and current choice of forum is Illinois and this action arises from transactions that occurred primarily in Illinois. *See Shore Slurry Seal, Inc. v. CMI Corp.*, 964 F. Supp. 152, 156 (D.N.J. 1997) (giving "paramount consideration [in] a transfer determination" to a plaintiff's choice of forum). With the exception of Arrow, the remaining defendants are not residents of New Jersey, nor is there evidence that they conduct business in New Jersey. Furthermore, the parties and evidence directly involved in the negotiation, sale, and repair of the trucks at issue are located in or near Illinois.

Defendants assert that they plan to utilize National Truck's documents and employees, which are located in New Jersey, to bolster their own defenses against HAB at trial. In light of the fact that the defendants have not yet raised any defenses in which they have specifically named National Truck, this Court cannot determine the degree to which this evidence is necessary or relevant to the case. The location of National Truck's documents and employees in New Jersey is not sufficient to outweigh the convenience of litigating the case in Illinois.

### B.     Public Interests

The public interest factors also weigh in favor of transferring this matter back to the Illinois District Court. A state has a compelling interest in regulating its businesses or in

litigating matters that arise from action occurring within its jurisdiction. *See Liggett Group Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 536 (D.N.J. 2000); *Ricoh*, 817 F. Supp. at 486. Moreover, the burden of jury duty should not be imposed on "the people of a community which has no relation to the litigation." *Liggett*, 102 F. Supp. 2d at 536 (citation omitted).

Here, in light of National Truck's dismissal from suit, New Jersey has no relationship to the events underlying this case. Illinois, on the other hand, has a strong relationship with the suit. Illinois is HAB's home forum and the remaining defendants are each authorized to conduct business in Illinois. Illinois therefore has a compelling interest in regulating the conduct of its businesses and adjudicating this matter in its forum.

Another important factor to consider is the familiarity of the court with the law applicable to the case. *Id.* at 537. In its Complaint, HAB alleges several claims against Defendants, including fraud and breach of contract under Illinois law. Under New Jersey conflict-of-law principles, if there is a conflict between the law of two jurisdictions, the law of the jurisdiction "with the greatest interest in resolving the particular issue" should be applied. *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006) (quoting *Gantes v. Kason Corp.*, 145 N.J. 478, 484 (1996)). Assuming there is a conflict of law, Illinois would have a stronger interest in applying Illinois law to the litigation because most of the events leading up to this action occurred in Illinois, the parties are residents of or are registered to do business in Illinois, and Illinois is a more convenient location for witnesses.

After taking all these factors into careful consideration, a retransfer of this case would not undermine the Illinois District Court's initial decision to transfer to this District because the Illinois District Court's primary purpose in transferring the case — to enforce the forum

selection clause contained in a warranty agreement between HAB and National Truck — was frustrated when National Truck was dismissed from the suit. Furthermore, transfer would promote the interests of the parties as Illinois was the Plaintiff's original choice of forum and the incident giving rise to the claims in this suit occurred in Illinois.

### *Conclusion*

For the foregoing reasons, the Court will GRANT Plaintiff HAB's motion to transfer to the Northern District of Illinois. An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 19, 2009

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.